IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN ELIZALDE, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KEOUGH & MOODY, P.C., and VANGUARD COMMUNITY MANAGEMENT, INC., doing business as Associa Chicagoland, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Jose Juan Elizalde brings this action to secure redress regarding unlawful collection practices engaged in by Defendants Keough & Moody, P.C. ("K&M"), and Vanguard Community Management, Inc., doing business as Associa Chicagoland ("Vanguard"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k(d).

3. Personal jurisdiction in Illinois is proper because each Defendant is located in Illinois.

4. Venue is proper because each Defendant is located in this District.

5. Article III is satisfied because Defendants inflated a debt and forced Plaintiff to pay it, causing economic injury. The class consists of other such persons.

-1-

## PARTIES

### Plaintiff

6. Plaintiff Jose Juan Elizalde is a natural person residing in McHenry County, Illinois.

### Defendants

7. Defendant K&M is a law firm organized as an Illinois professional corporation with principal offices at 114 East Van Buren, Naperville, IL 60540. Its registered agent is Charles M. Keough at that address.

8. Defendant K&M states on its web site (https://kmlegal.com/) that "Illinois Community Association Lawyers Keough & Moody, P.C. is a Chicago and Naperville based law firm providing full-service representation to condominium, townhome, and homeowners' associations . . . The attorneys at Keough & Moody, P.C. have over 100 years of combined experience in representing condominium, townhome, and homeowners' associations. [¶] Our firm represents hundreds of condominium, townhome, and homeowners' associations throughout the State of Illinois. We provide practical, cost-effective guidance and advice to our clients on matters ranging from debt collection, compliance and governance, contracts, document amendment and preparation, and litigation."

9. Defendant K&M regularly institutes legal proceedings seeking the eviction of delinquent owners and obtaining judgments against delinquent owners in furtherance of its collection activities.

10. Defendant K&M engages in such activities in Cook, Lake, McHenry, DuPage and Will Counties.

11. Defendant K&M regularly collects consumer purpose debts alleged owed to others, particularly community association debts, and uses the mails and telephone system for that purpose.

12. Defendant K&M is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails to regularly collect debts owed to others.

13. Defendant Vanguard Community Management, Inc., doing business as Associa

Chicagoland ("Vanguard"), is an Illinois corporation with offices at 50 E. Commerce, Suite 110, Schaumburg, IL 60173. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

## FACTUAL ALLEGATIONS

14. This action arises out of Defendants' attempts to collect community association debts relating to Plaintiff's residence. The creditor was The Cinnamon Creek Homeowners Association.

15. On July 15, 2024 K&M filed an eviction and collection action against Plaintiff Elizalde (Appendix A).

16. Attached to the complaint were ledgers prepared by Vanguard.

17. The ledgers include a "Delinquency Processing Fee" of $175 and "demand letter" charges of $35 each.

18. On information and belief, the "Delinquency Processing Fee" is a charge by Vanguard for handing over the file to K&M and the "demand letter" charges are charges for Vanguard sending collection letters.

19. The "Delinquency Processing Fee" and "demand letter" charges are standard charges made by Vanguard.

20. It is the standard practice of Vanguard to impose charges for handing over a file to counsel and sending collection letters.

21. The lawsuit was settled and nonsuited on August 27, 2024. (Appendix B) Plaintiff arranged to pay the debt and additional sums for attorney's fees and costs.

22. The Illinois Common Interest Community Association Act provides, at 765 ILCS 160/1-30:

> Sec. 1-30. Board duties and obligations; records.
>
> . . . . (h) Other than attorney's fees and court or arbitration costs, no fees pertaining to the collection of a member's or unit owner's financial obligation to the association, including fees charged by a manager or managing agent, shall be added to and deemed a part of a member's or unit owner's respective share of the common expenses unless: (i) the managing

-3-

agent fees relate to the costs to collect common expenses for the association; (ii) the fees are set forth in a contract between the managing agent and the association; and (iii) **the authority to add the management fees to a member's or unit owner's respective share of the common expenses is specifically stated in the declaration, bylaws, or operating agreement of the association.** (Emphasis added)

23. This language was enacted by P.A. 96-1400, July 29, 2010.

24. Nothing in the declaration or bylaws of the Association (included in Appendix A) authorizes the fees described above. A resolution of the board purports to authorize them, but that is not what the statute requires. Changes to the declaration and bylaws require a supermajority and must be recorded in the land records, warning prospective residents; board resolutions do not.

25. A unit owner has little choice but to pay fees such as those complained of. The Condominium Property Act and other statutes governing community associations provide for harsh remedies in collecting amounts allegedly owed by unit owners, including eviction from one's home and attorney's fees.

26. Disputing unauthorized charges of the nature complained of herein is likely to cost the unit owner more than the amount sought.

## **COUNT I – FDCPA**

27. Plaintiff incorporates paragraphs 1-26.

28. This claim is against K&M.

29. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

30. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

31. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the

need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

32. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

33. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

34. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), when it filed a lawsuit demanding payment of sums not owed, as specified above, and obtained payment thereof.

35. Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

36. Section 1692f provides:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class.

38. The class consists of (a) all individuals (b) from whom Defendant K&M obtained payment of (c) amounts including "Late Admin Fee - Collections Admin Charge" and demand letter charges and other costs which a management company such as Vanguard added to a debt in connection with referring it to counsel or sending collection letters, (d) other than pursuant to a judgment awarding such amounts, (e) where payment was obtained on or after a date one year prior to the filing of this action.

39. Plaintiff may alter the class definition to conform to developments in the case and discovery.

40. On information and belief, based on the size of K&M's operations and the use of standard practices, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

41. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant engages in the practice described above and whether such practice violates the FDCPA.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant K&M for:

    i.    Statutory damages;

    ii.    Actual damages equal to the unauthorized fees;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

44. Plaintiff incorporates paragraphs 1-26.

45. This claim is against Vanguard.

46. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by adding unauthorized sums to debts and collecting the unauthorized sums.

## CLASS ALLEGATIONS

47. Plaintiff brings this claim on behalf of a class.

48. The class consists of (a) all individuals (b) from whom Vanguard obtained payment (directly or through counsel) of (c) amounts including "Late Admin Fee - Collections Admin Charge" and demand letter charges and other costs which a management company such as Vanguard added to a debt in connection with referring it to counsel or sending collection letters, (d) other than pursuant to a judgment awarding such amounts, (e) where payment was obtained on or after a date 3 years prior to the filing of this action.   The class includes persons in other associations managed by Vanguard who paid the fees in question.

49. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

50. On information and belief, based on the size of Defendants' operations and the use of standard practices,  there are more than 40 members of the class, and each class is so numerous that joinder of all members is not practicable.

51. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendants engage in the practice described above and whether such practice is unfair or deceptive.

52. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

53. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants Vanguard for:

    i. Actual damages equal to the unauthorized fees;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT III – UNJUST ENRICHMENT

54. Plaintiff incorporates paragraphs 1-26.

55. This claim is against all Defendants.

56. Defendants engaged in unjust conduct by adding unauthorized sums to debts and collecting the unauthorized sums. In equity and good conscience, Defendants should be required to make restitution of such sums.

## CLASS ALLEGATIONS

57. Plaintiff brings this claim on behalf of two classes.

58. The K&M class consists of (a) all individuals (b) from whom K&M obtained

payment of (c) amounts including "Late Admin Fee - Collections Admin Charge" and demand letter charges and other costs which a management company such as Vanguard added to a debt in connection with referring it to counsel or sending collection letters, (d) other than pursuant to a judgment awarding such amounts, (e) where payment was obtained on or after a date 5 years prior to the filing of this action. The class includes persons in other associations represented by K&M who paid the fees in question.

59. The Vanguard class consists of (a) all individuals (b) from whom Vanguard obtained payment (directly or through counsel) of (c) amounts including "Late Admin Fee - Collections Admin Charge" and demand letter charges and other costs which a management company such as Vanguard added to a debt in connection with referring it to counsel or sending collection letters, (d) other than pursuant to a judgment awarding such amounts, (e) where payment was obtained on or after a date 5 years prior to the filing of this action. The class includes persons in other associations managed by Vanguard who paid the fees in question.

60. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

61. On information and belief, based on the size of Defendants' operations and the use of standard practices, there are more than 40 members of each class, and each class is so numerous that joinder of all members is not practicable.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendants engage in the practice described above and whether such practice results in unjust enrichment.

63. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

64. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

    i. Restitution of the unauthorized fees;

    ii. Costs of suit;

    iii. Such other and further relief as the Court deems proper.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Madeline Brashear (ARDC 6343249)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
Jclark@edcombs.com
Mbrashear@edcombs.com

T:\41551\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman